UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL SCHLADEMAN,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR,<br><br>Defendant. | Case No.  2:24-cv-10758<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1. This is an action seeking to compel the U.S. Department of Labor ("DOL") to comply with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. Defendant DOL has failed to abide by FOIA's statutory deadlines with respect to Plaintiff's request concerning Occupational Health and Safety Administration ("OSHA") investigations into notoriously hazardous warehouses that Amazon operates in New Jersey.

2. We have questions about Amazon's working conditions and conduct that we hope to be able to answer through gaining access to these investigations.

3. This lawsuit to obtain OSHA records on the three deaths at Amazon facilities in New Jersey in 2022 is critical for transparency, accountability, and to inform New Jersey lawmakers in preventing further deaths in Amazon

warehouses and other workplaces across the state.

4. New Jersey lawmakers are currently considering a heat standard bill that likely would have protected workers like Rafael Mota Frias, Rodger Boland, and Eric Vadinsky if it had been in place 3 years ago.

5. After Rafael Mota Frias's death on Prime Day, Amazon immediately claimed his death was "not a work-related incident, and instead was related to a personal medical condition." However, testimonies from Mr. Mota Frias's coworkers show they believe his death was directly related to Amazon's punishing working conditions, exacerbated during 'peak' periods, or during high-volume Amazon sales day including Prime Days, Black Friday/Cyber Monday, and the Christmas holiday season, combined with extreme heat.

6. One of Mr. Mota Frias's co-workers stated: "It's crazy because I was right there. I feel like Amazon as a whole could have done way more about the situation" and that Mota Frias and other workers "pleaded for fans to be placed in their work area hours before he died."[1]

7. Another employee submitted a complaint to the OSHA office, stating: "[Mr. Mota Frias] was telling the managers that in the area [sic] he worked was too hot. Many others complained as well…They just told employees

---

[1] Kate Briquelet and Josh Fiallo, *Amazon Employee Who Died on Prime Day Was Hardworking Dad*, The Daily Beast, Jul. 26, 2022, https://www.thedailybeast.com/amazon-employee-who-died-on-prime-day-rafael-reynaldo-mota-frias-was-hardworking-dad/.

to work through it, they would be fine. Two hours later he was dead…the AM-Care[2] people just came, put him on a wheel, put a mask on his face, and wheeled him through the facility like nothing happened! We were all in shock. Now management is telling people that he 'died in the parking lot' and that I [sic] we talk or mention anything about it we will get fired!"

8. After Rodger Boland's death, Amazon claimed the incident was not workplace-related. Managers went as far as to tell members of his family that Mr. Boland had died as a result of a personal medical condition involving seizures. However, Mr. Boland had never had a seizure—instead, doctors at the hospital where he was treated recognized his cause of death as being related to brain damage as a result of falling off a ladder at Amazon. They noted that his body temperature was extremely high. Further, Mr. Boland's family members recall that Amazon did not grant OSHA inspectors access to the hot room where Mr. Boland's fatal accident happened for several weeks—at which point temperatures had cooled.[3]

9. Amazon is New Jersey's largest employer: this information is essential for protecting this large group of workers. New Jersey workers and the public deserve to know the full circumstances surrounding these tragic deaths. By

---

[2] Amazon's on-site first-aid clinic.
[3] Expose Amazon, The Stories, accessed Nov. 22, 2024, https://www.exposeamazon.org/stories.

accessing these records, the public can better understand what conditions led to these fatalities, whether Amazon adhered to safety regulations, and if any measures were taken to prevent further harm. Furthermore, information on these deaths will help inform whether state action, like a state-wide employer heat standard, is needed to provide New Jersey workers with more heat-related protections.[4]

10. Seeking to better understand the results of OSHA's investigations into working conditions at the Amazon warehouses, Plaintiff requested records from DOL pursuant to FOIA on August 14, 2024.

11. DOL has issued any substantive response to Plaintiff' request and notification as required by FOIA.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B), (a)(6)(C)(i), (a)(6)(E)(iii).

13. This Court has jurisdiction to grant declaratory and further necessary or proper relief pursuant to 5 U.S.C. § 552(a)(4)(B), (a)(6)(E)(iii), and 28 U.S.C. § 2201–2202.

14. Venue is proper within this district under 5 U.S.C. § 552(a)(4)(B)

---

[4] Sophie Niento Munoz, *Amid heat wave, labor groups urge N.J. to enact protections for outdoor workers*, New Jersey Monitor, Jul. 12, 2024, https://newjerseymonitor.com/2024/07/12/amid-heat-wave-labor-groups-urge-n-j-to-enact-protections-for-outdoor-workers/.

and 28 U.S.C. §§ 1391(e)(1).

## PARTIES

15.   Plaintiff Daniel Schlademan is an organizer with the Online to Offline Strategy Group, an organization supporting the Warehouse Life, a project of National Jobs with Justice. He is a resident of Leonia, New Jersey. Warehouse Life is a community for Amazon workers to come together, learn their rights, support one another, and push for better working conditions. Warehouse Life's current campaign, #ExposeAmazon, centers on Amazon's injury rate.[5]

16.   Defendant DOL is an agency within the meaning of 5 U.S.C. § 552(1)(f). OSHA is the component of DOL tasked with enforcing employers' compliance with the Occupational Health and Safety Act. DOL has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## FACTS

17.   On August 14, 2024, Plaintiff submitted a FOIA request to DOL seeking production of the following records concerning three OSHA investigations into Amazon's conduct at warehouses in Carteret and Monroe, New Jersey:

- Inspector notes of investigation, with any PIID removed

- Any audio or video recordings or photographs, digital or otherwise, made in that workplace investigation on the above referenced dates

---

[5] https://www.exposeamazon.org/

       Any notes of interviews conducted with workers, supervisors, family members or managers on that date.

- Any reports summarizing each investigation.

18. DOL assigned this request tracking number 2024-F-14221.

19. To date, DOL has not communicated with Plaintiff about the status of its search for documents responsive to his request.

20. To date, DOL has not communicated with Plaintiff about the scope of the documents it intends to produce and withhold.

## CLAIMS FOR RELIEF

### COUNT I: Violation of 5 U.S.C. § 552(a)(6)(A)(i)
### Failure to Make and Communicate Timely Determination

21. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

22. FOIA requires agencies to issue determinations and communicate those determinations to requesters within twenty working days of receiving the request. 5 U.S.C. § 552(a)(6)(A)(i).

23. Agencies may extend the deadline an additional ten days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i).

24. To properly issue a determination, agencies must at a minimum "inform the requester of the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents." *Citizens for*

*Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 185 (D.C. Cir. 2013).

25. DOL violated FOIA by failing to make the required determination and to communicate that determination to Plaintiff within FOIA's designated timeframe.

### COUNT II: Violation of 5 U.S.C. § 552(a)(3)(C)
### Failure to Conduct Adequate Search

26. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

27. Under the FOIA, agencies must respond to a FOIA request by making reasonable efforts to search for the records requested. 5 U.S.C. § 552(a)(3)(C).

28. DOL violated FOIA by failing to conduct a reasonable search for records responsive to Plaintiff's request.

### COUNT III: Violation of 5 U.S.C. § 552(a)(4)(B)
### Unlawful Withholding of Agency Records

29. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

30. Agencies may withhold records only under the specifically enumerated FOIA exemptions. 5 U.S.C. § 552(a)(4)(B).

31. DOL violated FOIA by unlawfully withholding records responsive

to the Plaintiff' request other than those that FOIA has exempted.

### COUNT V: Violation of 5 U.S.C. § 552(a)(3)(A)
### Failure to Make Records Promptly Available

32. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

33. Agencies must promptly produce records responsive to the properly filed FOIA request. 5 U.S.C. § 552(a)(3).

34. Plaintiff has a legal right to obtain such records, and no legal basis exists for DOL's failure to disclose them.

35. DOL violated FOIA by failing to produce any records responsive to Plaintiff's FOIA request.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

1. Assume jurisdiction over the matter;

2. Order DOL to issue a determination responsive to Plaintiff's request in accordance with 5 U.S.C. § 552(a)(6)(A)(i), (B)(i).

3. Order DOL to conduct prompt and adequate searches for all records responsive to Plaintiff's request in accordance with 5 U.S.C. § 552(a)(3)(C);

4. Enjoin DOL from continuing to improperly withhold records responsive to the Plaintiff's request in accordance with 5 U.S.C. §

552(a)(3)(A);

     5.    Order DOL to produce, within twenty (20) days of the Court's order, or by such other date as the Court deems appropriate, all non-exempt records or portions of records responsive to Plaintiff's request and any agency justifications for withholding any responsive records;

     6.    Award Plaintiff reasonable costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E);

     7.    Award Plaintiff such further relief as the Court deems just, equitable, and appropriate.

Dated:  October xx, 2024

                              Respectfully submitted,

                            By: */s/* Jeremy Jong
                                Jeremy Jong
                                Al Otro Lado
                                634 S Spring St., Ste 908
                                Los Angeles, CA 90014
                                (504) 475-6728
                                jeremy@alotrolado.org

                                *Attorney for Plaintiff*